UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OLLIE BOOSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-1407 |
| | ) |
| TERI KENNEDY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

Plaintiff Ollie Boose, proceeding through counsel, filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants Warden Teri Kennedy and Correctional Officer Rodney France violated his Eighth Amendment rights while he was incarcerated at Pontiac Correctional Center ("Pontiac"). (Doc. 1). Specifically, Plaintiff alleges he fell and injured his ankle on January 12, 2019, due to the poor conditions of a "pathway/sidewalk." *Id.* at p. 3. Plaintiff also alleges the ceiling of his cell leaked, which caused his cast to get wet and his ankle to become infected. Plaintiff alleges Defendant France was responsible for ensuring the safety of the walkway and that Defendant Kennedy, who was aware of the dangerous conditions, "approved, assisted, and condoned" Defendant France's misconduct. *Id.* at p. 5.

This matter is now before the Court on Defendants' Motion for Summary Judgment under Federal Rule of Civil Procedure 56 and Local Rule 7.1(D) (Doc. 61); Plaintiff's Response (Doc. 62); and Defendants' Reply (Doc. 65). For the following reasons, Defendants' Motion for Summary Judgment is GRANTED.

## MATERIAL FACTS

During the relevant time period, Plaintiff was an inmate within the Illinois Department of Corrections ("IDOC") and was incarcerated at Pontiac. Defendant France was a Correctional

1

Officer, and Defendant Kennedy was the Warden of Pontiac. Defendant Kennedy was not Defendant France's immediate or direct supervisor.

At approximately 1:15 p.m. on January 12, 2019, Plaintiff slipped and stepped in a hole on the sidewalk when he was walking back to the Medium Security Dormitory from the kitchen. The snow and ice on the sidewalk had not been cleared or salted. (Doc. 61-1 at 13:6-8). According to Defendants, they were not directly responsible for clearing the walkways. (Doc. 62-2 at 26:10-14; Doc. 61-3 at 21-22).

After Plaintiff fell, he was able to return to his feet with the assistance of other inmates who were present. Lieutenant Reginald Brewer, a Correctional Lieutenant who was assigned to the Medium Security Unit ("MSU"), promptly notified the Health Care Unit ("HCU"). Plaintiff was then carried to the A-House for a medical evaluation. (Doc. 63 at p. 71).

At the HCU, Nurse Sabrina Fox examined Plaintiff's swollen ankle and noted his complaints of pain. At 1:52 p.m. on January 12, 2019, Plaintiff was taken to St. James Hospital for a further evaluation, which confirmed that Plaintiff's right ankle was fractured. Plaintiff's ankle was placed in a soft cast for approximately six months. (Doc. 61-1 at 12:5-16, 26:6-14).

It is undisputed that Defendants France and Kennedy were not present when Plaintiff fell. According to Defendant France, he "was the walks officer assigned to the other side of the kitchen." (Doc. 61-2 at 8:13-17). Defendant France testified he could not and did not see Plaintiff fall and that he arrived on scene after Plaintiff fell. (Doc. 61-2 at 11:16-23; 12-13:19-24). Plaintiff testified a guard guided the walkway and told inmates which way to go, but Plaintiff did not recall who the guard was. (Doc. 61-1 at 15:12-23).

It is undisputed that Defendant Kennedy had no control over the snow removal crew tasked with clearing the walkways between the buildings of the Pontiac's Medium Security Unit.

2

Defendant France testified he had no direction or control over the snow removal crew tasked with clearing the walkways between the buildings; however, Plaintiff asserts Defendant France was assigned to be in charge of the grounds crew that day. (Doc. 61-1 at 23:22-24:20; Doc. 61-2 at 26:10-14).

Regarding cell assignments, Defendants France and Kennedy had no direct control over which cells inmates are assigned to and did not assign Plaintiff to a particular cell. Defendants Kennedy and France also did not discuss Plaintiff's cell assignment. Plaintiff admits he did not speak with Defendants France or Kennedy about the leaky ceiling in his cell. Plaintiff testified he did not need to bring the specific conditions to Defendants' attention because "[e]verybody complains about that. I didn't have to. They knew about them cells." (Doc. 61-1 at 33:16-18).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). In order to successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent

3

evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted).

### CONDITIONS OF CONFINEMENT STANDARD

To establish a claim for unconstitutional conditions of confinement, a plaintiff must show that (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendant acted with deliberate indifference to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

With respect to the first prong, the deprivation must be sufficiently serious; that is, the condition must create a serious risk to the inmate's health or safety or be sufficiently prolonged so as to cause significant pain or discomfort. *Villagran v. Dart*, No. 14 C 10361, 2016 WL 7426132, at *3 (N.D. Ill. Dec. 23, 2016) (internal citations omitted). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Conditions which are restrictive and even harsh are part of the penalty that offenders pay. Mere discomfort and inconvenience do not implicate the Constitution. *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986).

As for the second prong, the test of deliberate indifference is a significantly high burden for a plaintiff to overcome, and the burden is on the prisoner to demonstrate deliberate indifference. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). "To demonstrate that a defendant acted with a 'sufficiently culpable state of mind,' a plaintiff must put forth evidence that the defendant knew of a serious risk to the prisoner's health and consciously disregarded the risk." *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006). A prison official does not become liable for inhumane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate

4

health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

## ANALYSIS

I.  **Conditions of the Sidewalk**

Defendants argue they were not personally involved in any constitutional violation when Plaintiff slipped and fell on the sidewalk on January 12, 2019. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). There is no *respondeat superior* under § 1983. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). For supervisory liability to attach, the defendant-supervisor must have been "personally responsible for the deprivation of the constitutional right." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). In other words, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)).

Here, the evidence shows that Defendant France did not instruct Plaintiff to walk on the sidewalk, was not present when Plaintiff fell, was not assigned to the section of walkway where Plaintiff fell, and was not responsible for clearing or maintaining the walkways. Furthermore, Plaintiff testified that Defendant France was not present when he fell but that another guard, whom Plaintiff could not identify, was present. (Doc. 61-1 at 15:12-23). Although Plaintiff testified that he believed Defendant France was assigned to supervise the grounds crew on January 12, 2019, "just for that one day," Plaintiff has not demonstrated that Defendant France was aware of the

5

conditions of the walkway where Plaintiff fell and disregarded the alleged risk of harm. *Id.* at 23:22-24:20. Thus, the Court finds that no reasonable jury would find that Defendant France violated Plaintiff's Eighth Amendment rights. *See Farmer*, 511 U.S. at 834.

Plaintiff contends that Defendant Kennedy was responsible for his injury by "facilitating and condoning" the conduct of Defendant France. (Doc. 62 at p. 11). Plaintiff attempts to make this causation argument based on alleged falls that occurred sixty days before and five months after he fell. *Id*. at p. 6. Plaintiff argues the other *alleged* falls establish that Defendant Kennedy "facilitated and condoned" unconstitutional conditions, but there is no evidence that Defendant Kennedy directed or consented to the alleged constitutional violations that Plaintiff suffered. For supervisory liability to attach, Plaintiff must show that the conduct which he alleges caused his constitutional deprivations was at the direction or with the knowledge and consent of Defendant Kennedy. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). It is undisputed that Defendant Kennedy was the Warden, was not present when Plaintiff fell, did not direct Plaintiff to walk on the sidewalk, and was not in charge of clearing or maintaining the walkway. Therefore, the Court finds that Defendant Kennedy was not personally involved in any constitutional violation and was not deliberately indifferent to Plaintiff's health and safety in violation of the Eighth Amendment.

## II.     Conditions of Plaintiff's Cell

Plaintiff asserts Defendants were responsible for housing him in a cell with a leaky ceiling and that the leak caused his injured ankle to become infected. Defendants argue they had no control over what cell Plaintiff was assigned to, as the lieutenant assigned to the specific MSU Dorm was responsible for cell assignments.

Plaintiff admits he did not inform Defendants about the conditions of his cell. During his deposition, Plaintiff testified that he did not need to bring the specific conditions of his living unit

to Defendants' attention because "[e]verybody complains about that. I didn't have to. They knew about them cells." *Id.* at 33:16-18.

Here, the Court finds that Plaintiff has not presented sufficient evidence to demonstrate that Defendants were personally involved in housing him in allegedly unconstitutional conditions. There is no evidence that Defendants assigned him to this cell, were aware of the leaky ceiling, or knew that a leak created a strong likelihood his ankle would become infected. *Farmer*, 511 U.S. at 837.

Finally, it appears that Plaintiff is attempting to attach liability to Defendant Kennedy based upon her supervisory position as Warden because there is no evidence that Defendant Kennedy was personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Therefore, summary judgment is granted in favor of Defendants.

**IT IS THEREFORE ORDERED:**

(1) Defendants' Motion for Summary Judgment [61] is GRANTED. Defendants Rodney France and Teri Kennedy are DISMISSED WITH PREJUDICE. Plaintiff takes nothing. The parties will bear their own costs.

(2) All pending deadlines and hearings are VACATED. The Clerk is directed to enter judgment and close this case.

(3) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a).

(4) If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues Plaintiff will present on appeal to assist the Court

in determining whether the appeal is taken in good faith. *See* FED. R. APP. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED:  7/5/2024

                                      s/ James E. Shadid
                                      James E. Shadid
                                      United States District Judge